Judge: Robert W. Gettleman
Magistrate Judge: Jeffrey T. Gilbert
Filed: 04/07/2014
Case: 14cv2531
emt

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE:  AIG WORKERS COMPENSATION INSURANCE**
**POLICYHOLDER LITIGATION**                                          MDL No. 2519

**TRANSFER ORDER**

**Before the Panel:**[*]  Pursuant to 28 U.S.C. § 1407, moving defendants (hereafter referred to as the "AIG Defendants")[1] move for centralization of this litigation in the Northern District of Illinois or, alternatively, the District of New Jersey.  This litigation currently consists of four actions pending in the Northern District of California, the Northern District of Illinois, the District of New Jersey, and the Southern District of New York, as listed on Schedule A.[2]  Plaintiffs in each of the four actions support centralization in the Northern District of Illinois.[3]

On the basis of the papers filed,[4] we find that these actions involve common questions of fact, and that centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  All of the actions involve factual questions surrounding an alleged scheme by the AIG Defendants to underreport the amount of workers compensation insurance premiums they collected to state insurance departments.  Purportedly as a result, the plaintiff workers compensation insurance policyholders were overcharged

---

[*] Judges Marjorie O. Rendell and Sarah S. Vance took no part in the decision of this matter.

[1] The AIG Defendants are current and former insurance company subsidiaries of American International Group, Inc. (AIG).  They include:  AIG Risk Management Inc.; AIU Insurance Company; American Fuji Fire and Marine Insurance Company; American Home Assurance Company; American International Overseas Limited; Chartis Property Casualty Company n/k/a AIG Property Casualty Company; Commerce and Industry Insurance Company, Inc.; Granite State Insurance Company; Illinois National Insurance Company; The Insurance Company of the State of Pennsylvania; National Union Fire Insurance Company of Pittsburgh, PA; New Hampshire Insurance Company; and Yosemite Insurance Company.

[2] The parties have notified the Panel of three related actions pending in the Middle District of Georgia, the Eastern District of Missouri, and the Eastern District of Pennsylvania.  These and any other related actions are potential tag-along actions.  *See* Panel Rule 7.1.

[3] According to the AIG Defendants, defendant Maurice R. Greenberg, the only party not to respond to the motion to centralize, does not oppose the requested relief.

[4] The parties waived oral argument.

-2-

for certain surcharges and fees assessed by the states.  All of the plaintiffs assert claims against the AIG Defendants for racketeering and conspiracy in violation of 18 U.S.C. § 1962, violation of various state consumer protection statutes, negligent misrepresentation, and unjust enrichment.  These actions are primarily state-wide class actions, but one of the actions involves a putative multi-state class of policyholders that overlaps with the putative classes asserted in the other actions.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Northern District of Illinois is the most appropriate transferee district for pretrial proceedings in this litigation.  The Northern District of Illinois is a centrally located and convenient forum.  All the parties advocate for assignment of this litigation to the Honorable Robert W. Gettleman, and we concur that he is a logical choice to serve as the transferee judge here.  Judge Gettleman has extensive familiarity with the allegations underlying this litigation as a result of his presiding over two class actions brought against the AIG Defendants by their competitors, which involved allegations of injury based upon the same underreporting of workers compensation insurance premiums to state authorities.  Accordingly, Judge Gettleman will be familiar with the allegations in this litigation, the workers compensation insurance industry and the regulatory regimes surrounding that industry, and the potential discovery and pretrial issues that could arise with respect to the AIG Defendants' workers compensation business.  Moreover, by selecting Judge Gettleman to preside over this matter, we are selecting a jurist with multidistrict litigation experience, but who is not presently presiding over such a litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Robert W. Gettleman for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Charles R. Breyer          Lewis A. Kaplan
Ellen Segal Huvelle

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
-
By: s/ EUNICE M. TEJEDA
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
-
April 9, 2014

**IN RE:  AIG WORKERS COMPENSATION INSURANCE**
**POLICYHOLDER LITIGATION**                                              MDL No. 2519


**SCHEDULE A**


Northern District of California

FRANJO, INC. V. AMERICAN INTERNATIONAL GROUP, INC., ET AL.,          14cv2529
     C.A. No. 4:13-04685


Northern District of Illinois

BEACH MEDICAL MARKETING, INC. V. AMERICAN INTERNATIONAL
     GROUP, INC., ET AL., C.A. No. 1:13-08250


District of New Jersey

JPS COLLISION, INC. V. AMERICAN INTERNATIONAL GROUP, INC.,
     ET AL, C.A. No. 2:13-05990                                        14cv2531


Southern District of New York

JAYARVEE, INC., ET AL. V. AMERICAN INTERNATIONAL GROUP, INC.,        14cv2532
     ET AL., C.A. No. 1:13-07137